**UNITED STATES of America, Appellant,**

v.

**Billy G. FLEMING, Appellee.**

**No. 77–1593.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1977.

Decided Dec. 8, 1977.

---

W. H. Dilahunty, U. S. Atty., and Gene O'Daniel, Asst. U. S. Atty., Little Rock, Ark., filed brief, for appellant.

William R. Wilson, Jr., Little Rock, Ark., filed brief, for appellee.

Before BRIGHT and ROSS, Circuit Judges, and HARPER, Senior District Judge.*

ROSS, Circuit Judge.

In this direct criminal appeal the primary issue for our determination is the sufficiency of the affidavit used in procuring a search warrant. The trial court held that the affidavit was insufficient and suppressed the evidence secured in the search.

The United States appealed that ruling pursuant to 18 U.S.C. § 3731.[1] We reverse and remand with instructions to overrule the motion to suppress.

The facts are relatively simple. Fleming was indicted for possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) and 26 U.S.C. § 5871. The firearm, a sawed-off shotgun, was found in a search of Fleming's residence pursuant to a search warrant issued by a municipal judge on the basis of an affidavit of a deputy sheriff. The search warrant directed a diligent search for "approximately ½ pound of marijuana for sale" and was based upon the deputy sheriff's sworn statement that "[a] reliable informant reports that he saw approximately ½ pound of marijuana at the home of Billy Fleming in Madison yesterday. Billy Fleming offered marijuana to the informant for sale. * * * Reliability of informant is based on fact that he has informed on past occasions to the St. Francis County Sheriff's office and the information in the past has always proven correct as to the illegal activity informed on by informant."

In executing the warrant the officer found one or two marijuana cigarettes and a sawed-off shotgun. The shotgun was found under a bed in the bedroom and the marijuana cigarettes in the "front room."

The trial court ruled that the affidavit was insufficient in that "the trustworthi-

---

* The Honorable Roy W. Harper, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The United States appealed the suppression ruling pursuant to 18 U.S.C. § 3731. The section permits the appeal "if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is substantial proof of a fact material in the proceeding." This certificate was not filed with the district court until after the appeal had been docketed and the briefs filed. It was filed, out of time, prior to the submission of the case.

In 1972 this court faced a similar question and stated as follows:

Section 3731 makes no requirement that the District Court pass upon the validity of the United States Attorney's certification. In this respect the statute differs significantly from statutes like 28 U.S.C.A. § 1292(b) where the District Court is required to make a certification and the time for appeal is directly tied to the date of the certification. If in the present situation Congress intended the certification within the period for appeal to be jurisdictional, we believe that it would have said so. No possible prejudice to the defendants' rights has been shown by the slight delay in the filing of the certificate. We are satisfied from our examination of the record that the certification is factually supported.

United States v. Kleve, 465 F.2d 187, 190 (8th Cir. 1972). See also Meier v. Keller, 521 F.2d 548 (9th Cir. 1975), cert. denied, 424 U.S. 943, 96 S.Ct. 1410, 47 L.Ed.2d 348 (1976); United States v. Crumpler, 507 F.2d 624 (5th Cir. 1975); United States v. Welsch, 446 F.2d 220, 224 (10th Cir. 1971).

ness and credibility or reliability of the informant" was not established by the affidavit. The district judge indicated that if the affidavit had shown that the informant's prior tips had resulted in convictions, it would have been sufficient.

The trial court did not rule on defendant's second claim that even if the initial intrusion was lawful, the seizure of the gun was beyond the proper scope of the search. In support of this claim, defendant asserts that the shotgun was not in plain view, was not within the description of the items to be seized set forth in the warrant, and that the incriminating nature of the object was not readily apparent.

We hold that the trial court incorrectly decided to grant the motion to suppress and that the motion should have been overruled.[2]

The transcript of the hearing to suppress the evidence obtained in the search of Fleming's residence is brief. There is little contradiction of the pertinent facts. The officer entered the residence searching for "approximately ½ pound of marijuana." In the "front room" he found one or two marijuana cigarettes. Continuing his search for the remainder of the marijuana, the officer entered defendant's bedroom. Upon looking under defendant's bed, the gun was found lying in plain view. Under these facts there can be little question but what the seizure of the gun was proper if the initial entry under the warrant was proper. *See United States v. Johnson*, 541 F.2d 1311, 1316 (8th Cir. 1976); *United States v. Wilson*, 524 F.2d 595, 598 (8th Cir. 1975), *cert. denied*, 424 U.S. 945, 96 S.Ct. 1415, 47 L.Ed.2d 351 (1976); *United States v. Corbett*, 518 F.2d 113, 115 (8th Cir. 1975). Thus, the only question in this case is whether the statements in the affidavit concerning the reliability of the informant were sufficient to justify the issuance of a warrant. We conclude that they were.

The affidavit, as noted *supra*, stated that "[a] reliable informant reports that he saw approximately ½ pound of marijuana at the home of Billy Fleming in Madison yesterday. Billy Fleming offered marijuana to the informant for sale. * * * Reliability of informant is based on fact that he has informed on past occasions to the St. Francis County Sheriff's office and the information in the past has always proven correct as to the illegal activity informed on by informant." This language reveals that the informant has proven to be a reliable source of information in the past, and that he had firsthand knowledge of the events in question. This showing is sufficient to establish probable cause for the search. *United States v. Cummings*, 507 F.2d 324, 327–28 (8th Cir. 1974). The district court sustained defendant's motion to suppress because the affidavit did not purport to show that the informant's past tips resulted in convictions. In this the district court erred. The district court's holding has the practical effect of requiring proof of guilt in a separate case as a condition to obtaining a warrant. The affidavit need only show that criminal activity is probable, not that it exists beyond a reasonable doubt. *United States v. Kershman*, 555 F.2d 198, 201 (8th Cir.), *cert. denied*, —— U.S. ——, 98 S.Ct. 268, 54 L.Ed.2d 178 (1977); *United States v. Jones*, 545 F.2d 1112, 1114 (8th Cir. 1976), *cert. denied*, 429 U.S. 1075, 97 S.Ct. 814, 50 L.Ed.2d 793 (1977).

Reversed and remanded with directions to overrule the motion to suppress.

---

**2.** In this connection we note that the trial court received briefs from the United States and defendant's counsel. The brief of the United States was short and inadequate, missing completely the main point of the motion to suppress. The brief by defendant's counsel was more complete. A good brief by the United States at the time of the hearing could have eliminated the necessity of this appeal.