UNITED STATES of America, Appellee,

v.

Lorenzo BRINKLEY, Appellant.

No. 80–1099.

United States Court of Appeals,
Eighth Circuit.

Submitted May 22, 1980.

Decided June 25, 1980.

Rehearing and Rehearing En Banc
Denied July 17, 1980.

Richard H. Sindel, Sindel, Sindel & Sindel, Clayton, Mo., for appellant.

Richard L. Poehling, Asst. U. S. Atty., St. Louis, Mo. (argued), and Robert D. Kingsland, U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before BRIGHT, HENLEY, and McMILLIAN, Circuit Judges.

PER CURIAM.

A federal jury in Missouri found Lorenzo Brinkley guilty of possession of a controlled substance (cocaine) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1976).[1] The district court entered a judgment of conviction upon the jury verdict.[2] On appeal Brinkley contends that the district court erred in denying his pretrial motion to suppress evidence gathered pursuant to an allegedly invalid search warrant and in admitting at trial as exhibits items

---

1. 21 U.S.C. § 841(a)(1) provides:

   (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]

   Cocaine is a Schedule II controlled substance. *See* 21 U.S.C. § 812(c), Schedule II(a)(4) (1976).

2. The Honorable James H. Meredith, United States Senior District Judge for the Eastern District of Missouri, imposed a 10-year sentence of imprisonment to be followed by a special parole term of five years.

gathered in the search.[3] We reject these contentions and affirm.

At trial the evidence disclosed that from August through October 1979, members of the narcotics section of the St. Louis Police Department intelligence unit conducted an investigation of Brinkley. On October 16, 1979, they obtained a search warrant for an apartment in St. Louis, Missouri, from Missouri Circuit Judge Thomas McGuire. The following morning St. Louis Police Department detectives executed the search warrant in the company of Drug Enforcement Administration Special Agent Walter Miller.

The officers found Brinkley asleep in a bedroom on the apartment's second floor. Their search of that bedroom revealed two bags of cocaine,[4] one on the night table next to Brinkley's bed and a larger one under the mattress on which he had been sleeping. Elsewhere in the apartment they found and seized various items identified by Special Agent Miller as narcotics paraphernalia. The officers then placed Brinkley under arrest. Brinkley's defense at trial was that the cocaine did not belong to him and that he did not have dominion or control of the premises in which it was found.[5]

■ Brinkley first contends that the affidavits on which Missouri Circuit Judge McGuire issued the search warrant fail the two-prong test of probable cause established in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and that the district court should therefore have suppressed the items seized pursuant to the warrant. We disagree. The affidavits submitted to Judge McGuire by two St. Louis Police Department detectives establish the underlying circumstances of both the informant's belief that narcotics were in the apartment and the officers' belief in the informant's reliability. The affidavits disclose that the officers' informant supplied the information concerning the whereabouts of the narcotics on the basis of personal observation and that the informant had in the past supplied reliable information to the officers. Because the affidavits establish the basis for both the information supplied by the informant and the officers' belief in the informant's reliability, the district court correctly determined that the affidavits made out probable cause for the issuance of the search warrant. *See id.* at 114–15, 84 S.Ct. at 1514; *United States v. Fleming*, 566 F.2d 623, 625 (8th Cir. 1977).

■ Brinkley finally contends that the district court erred in admitting into evidence those items obtained by police in executing the search warrant. The gist of Brinkley's argument seems to be that the district court abused its discretion in admitting the seized items because the Government proved only an attenuated connection between Brinkley and the items.

The argument lacks merit. The undisputed evidence disclosed that officers seized two bags of cocaine from a bedroom in which Brinkley slept and various narcotics paraphernalia from elsewhere in the apartment. These items were relevant to establish two elements of the offense, the controlled substance and intent to distribute. Hence, they were admissible. *See* Fed.R. Evid. 401, 402. *See generally, United States v. Jones*, 543 F.2d 627, 629–30 (8th Cir. 1976) (*per curiam*), *cert. denied*, 429 U.S. 1051, 97 S.Ct. 763, 50 L.Ed.2d 767 (1977). The district court properly instructed the jury that in addition to these elements, it must find that Brinkley actually or constructively possessed the cocaine be-

---

**3.** Brinkley also contends that the district court erred in failing to declare a mistrial and in overruling his motion for a judgment of acquittal at the close of the Government's case. We have carefully reviewed the record and find these contentions to be without merit.

**4.** Harold Messler, a chemical analyst, testified that the substance contained in both bags was cocaine and that the cocaine found in the larger bag was 54 percent pure. Special Agent Miller

testified that cocaine of that purity would be adulterated and then distributed rather than consumed.

**5.** In other words, Brinkley disputed the possession element of the offense charged, asserting that he neither actually nor constructively possessed the cocaine. *See United States v. Warren*, 594 F.2d 1046, 1050 (5th Cir. 1979).

yond a reasonable doubt. From the evidence before it, the jury could reasonably infer that Brinkley possessed the cocaine.

We have carefully considered additional issues also raised by Brinkley on appeal. We find no merit in his contentions. Accordingly, we affirm.