UNITED STATES of America, Appellee,

v.

Bradley Gilbert SKRAMSTAD, Appellant.

No. 80–1941.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1981.

Decided June 8, 1981.

Meshbesher, Singer & Spence, Ltd., Kenneth Meshbesher, Carol Grant (argued), Minneapolis, Minn., for appellant.

Thomas K. Berg, U. S. Atty., by Ann D. Montgomery, Asst. U. S. Atty., Minneapolis, Minn., Michel Krug, Legal Intern, for appellee.

Before ROSS, HENLEY and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Bradley Gilbert Skramstad appeals from a final judgment entered in the District Court for the District of Minnesota [1] upon a jury verdict finding him guilty of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced appellant to three years imprisonment plus a special parole term of three years.

For reversal appellant argues that the district court erred in (1) refusing to suppress evidence seized pursuant to a search warrant issued on the basis of an inadequate affidavit, (2) restricting cross-examination about the identity and reliability of the informant, and (3) admitting evidence of other crimes. For the reasons discussed below, we affirm the judgment of the district court.

Appellant was charged in a one-count indictment with possession with intent to distribute approximately 82 grams of cocaine. The cocaine was seized pursuant to a state search warrant, issued on the basis of an affidavit which provided in part:

Your affiant is a Hennepin County Deputy Sheriff assigned to the Narcotics Division. Along with your affiant's own investigation, information from a confidential reliable informant, who has within the past six-month period, given information to your affiant and other narcotics officers which has led to the arrest of several individuals for possession and sale of narcotics. The confidential reliable informant (CRI) has also given information on the activities of known narcotics traffickers, which has been corroborated by your affiant and information from the CRI and your affiant is as follows:

The CRI has been within the premises of 19725 Cottagewood Road, Deephaven, Minnesota within the last three-day period. On this occasion the CRI has observed a large quantity of marijuana which was represented to the CRI as marijuana by an unwitting party. The CRI has also observed white powder at the above residence which was represented to the CRI as cocaine by the unwitting party.

The CRI related to your affiant that the party at the address of 19725 Cottagewood Road, Deephaven, MN was selling large quantities of marijuana.

Your affiant has taken the CRI past the address of 19725 Cottagewood Road, Deephaven, MN at which time the CRI positively identified that address as the residence where the CRI had observed large quantities of marijuana inside the residence.

Your affiant through his own investigation has learned from Northern States Power Company that the utilities for 19725 Cottagewood Road, Deephaven, MN list to Bradley G. Skramstad.

Your affiant has also learned from other police agencies and other Hennepin County narcotics officers that they had received information in the past six months that Bradley G. Skramstad was dealing in narcotics.

Through your affiant's experience and information gathered, your affiant believes there to be a large quantity of marijuana at the address of 19725 Cottagewood Road, Deephaven, Minnesota.

In addition to approximately 82 grams of cocaine (25% purity), the police also seized less than 2 ounces of marijuana, 87 "Thai sticks," [2] 50 peyote buttons, small amounts of hashish, a scale, an "ISO²" machine,[3] and $1,430 in cash from appellant. Appellant's motion to suppress was denied by the federal magistrate and the district court. *United States v. Skramstad*, No. 3–80–CR–43

---

1. The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

2. This term refers to marijuana flakes from Thailand that have been compressed on a stick.

3. This machine is used to convert marijuana in bulk form into hashish oil, a concentrate which is more convenient to handle.

(D.Minn. Aug. 1, 1980) (order denying motion to suppress). The evidence seized pursuant to the search warrant was introduced at appellant's trial. The jury found appellant guilty of possession with intent to distribute cocaine. This appeal followed.

## I. *Motion to Suppress*

■ Appellant first argues that the district court erred in refusing to suppress the evidence seized pursuant to the search warrant. Appellant argues the affidavit in support of the search warrant was inadequate because it failed to establish the informant's reliability and the basis of the informant's knowledge as required by *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Like the district court, we find the present case a close one. We conclude, however, that the affidavit satisfies the minimum requirements[4] established in *Aguilar* and *Spinelli*. The affidavit in the present case disclosed that the informant's information was based upon recent personal observation or firsthand knowledge and that the informant had in the past supplied accurate information to the police. *See, e. g., United States v. Brinkley*, 623 F.2d 533, 534 (8th Cir. 1980) (per curiam); *United States v. Fleming*, 566 F.2d 623, 625 (8th Cir. 1977); *United States v. Gavic*, 520 F.2d 1346, 1350–51 (8th Cir. 1975).

Appellant specifically argues that the statement in the affidavit that information provided by the informant led to several *arrests* is insufficient. Appellant argues that in order to establish reliability the information supplied by the informant in the past must be shown to have resulted in successful prosecutions or convictions. *See generally* 1 W. LaFave, Search and Seizure § 3.3, at 514 (1978) ("The better view ... is that a bald assertion that the informant's prior information prompted the police to

make one or more arrests will not suffice to establish the informer's credibility."). This position was rejected in *United States v. Fleming, supra,* 566 F.2d at 625. In *Fleming*

> [t]he district court sustained defendant's motion to suppress because the affidavit did not purport to show that the informant's past tips resulted in convictions. In this the district court erred. The district court's holding has the practical effect of requiring proof of guilt in a separate case as a condition to obtaining a warrant. The affidavit need only show that criminal activity is probable, not that it exists beyond a reasonable doubt.

*Id.* (citations omitted).

Appellant further characterizes the reference in the affidavit that the "confidential reliable informant (CRI) has also given information on the activities of known narcotics traffickers, which has been corroborated by your affiant" is uninformative and conclusory. Appellant thus argues that such a general statement does little to establish the reliability of the informant. We agree with appellant's characterization of this reference and in particular with appellant's observation that neither the information supplied by the informant nor the corroboration provided by the affiant refers expressly to incriminating or illegal activities. In the present case, however, the informant's reliability has already been established by the reference to the informant's recent history of supplying information which led to the arrest of several individuals for narcotics offenses.

■ Appellant also argues that the affidavit failed to describe the underlying factual basis for the informant's conclusion that there was marijuana on the premises in question. Appellant incorrectly states that "the informant could not say that he [or she] had observed marijuana or cocaine." Brief for Appellant at 19. The

4. Greater care on the part of affiants, who are generally professional law enforcement officers, in drafting their affidavits would go far to reduce the number of "close cases" questioning the sufficiency of the search warrant affidavit

because of the vague and general language used by the affiant. *See generally* 1 W. La-Fave, Search and Seizure § 3.3, at 515–18 (1978), *citing* Comment, 53 Calif.L.Rev. 840, 846 (1965).

affidavit indicates that the informant personally observed on the premises a large quantity of marijuana and a white powder. According to the informant, an "unwitting party" identified these substances to him as marijuana and cocaine, respectively. *See United States v. Harris,* 403 U.S. 573, 579, 91 S.Ct. 2075, 2080, 29 L.Ed.2d 723 (1971) ("personal and recent observations" by the informant); *United States v. Fleming, supra,* 566 F.2d at 625 ("firsthand knowledge" of the informant).

Appellant further argues that the informant relied upon the representations of an unidentified "unwitting party" to identify the substances as marijuana and cocaine, rather than the informant's personal knowledge that the substances in question were controlled substances. Appellant argues that the affidavit failed to establish the requisite probable cause for the issuance of the search warrant because the affidavit failed to establish the reliability of the second informant (the "unwitting party") and the underlying circumstances supporting the second informant's identification of the controlled substances. *See Aguilar v. Texas, supra,* 378 U.S. at 114, 84 S.Ct. at 1514; *United States v. Smith,* 462 F.2d 456, 458–59 (8th Cir. 1972). For the purposes of this argument, appellant concedes that the affidavit sufficiently established the credibility of the first informant.

As noted in *United States v. Smith,* [i]t is not unusual for an affidavit of a law enforcement officer to contain hearsay information from an informant, which, in turn, is based on other information gathered by that informant. Therefore, when a magistrate receives an affidavit which contains hearsay upon hearsay, [the magistrate] need not categorically reject this double hearsay information. Rather, [the magistrate] is called upon to evaluate this information as well as all other information in the affidavit in order to determine whether it can reasonably be inferred "that the informant

had gained his information in a reliable way."

462 F.2d at 459 (citations omitted). "[H]earsay based on hearsay is acceptable in this instance as long as the affiant has 'sufficient information so that both levels of hearsay meet the two-pronged [*Aguilar*] test' ... relating to (1) the reliability of the informant and (2) some knowledge of the underlying facts...." *United States v. Carmichael,* 489 F.2d 983, 986 (7th Cir. 1973), *citing United States v. Wilson,* 479 F.2d 936, 941 (7th Cir. 1973); *see also* 1 W. LaFave, Search and Seizure, *supra,* § 3.3, at 542–43.

We have carefully examined the affidavit in light of appellant's objection to the double hearsay. We believe that the information related by the first informant alone was sufficient to establish the requisite "*probability* of criminal activity and secreting of evidence on specific premises." *United States v. Smith, supra,* 462 F.2d at 460 (emphasis in original, citations omitted). The first informant's reliability was established by the affiant's description of the informant's history of investigative cooperation. The affidavit also indicated that the first informant had personally observed a large quantity of marijuana and a white powder on the premises within the past seventy-two hours. The affidavit did not expressly state the basis for the first informant's identification of the marijuana. However, given the first informant's evident familiarity with narcotics investigations, we do not find the absence of specific information about how the informant identified the substance as marijuana fatal to the finding of probable cause. *See United States v. House,* 604 F.2d 1135, 1142 (8th Cir. 1979), *cert. denied,* 445 U.S. 931, 100 S.Ct. 1320, 63 L.Ed.2d 764 (1980). We can reasonably infer from the first informant's experience with narcotics investigation that he or she was familiar with narcotics and thus able to identify marijuana by its appearance and context.[5] Under these cir-

5. As noted in *United States v. House,* 604 F.2d 1135, 1142 (8th Cir. 1979) (emphasis in origi-

nal), *cert. denied,* 445 U.S. 931, 100 S.Ct. 1320, 63 L.Ed.2d 764 (1980),

cumstances, it is not necessary to refer to the information supplied by the second informant in order to establish probable cause.

The government relies upon *United States v. Gavic, supra*, 520 F.2d 1346, to create an inference of reliability for the "unwitting party." In *Gavic* the defendant shared the premises in question with at least one other person; the affidavit offered in support of the search warrant recited only that the controlled substance in question had been identified as such to the informant by "one of the occupants." *Id.* at 1348, 1350. The affidavit in *Gavic* apparently did not further identify the "occupant." This court held that "a statement that there is a controlled substance on the premises by an occupant thereof is sufficiently adverse to his penal interest to create an inference of reliability."[6] *Id.* at 1351 (citations and footnote omitted); *see United States v. Harris, supra*, 403 U.S. at 583–85, 91 S.Ct. at 2081–83.

■ Appellant stresses that he was the owner and sole occupant of the premises in question and that no other person had been given permission by him to enter the house. Appellant argues that both the informant and the "unwitting party" were trespassing and that this fact necessarily further undermines the credibility of the informant and that of the "unwitting party." The government suggests, without apparent factual basis in the record, that the "unwitting party" may have been appellant himself. Brief for Appellee at 9. It is unclear whether or not the "unwitting party" was an occupant of the premises. We cannot

> [o]ur review of the adequacy of search warrant affidavits based upon confidential informants' statements about narcotics would no doubt be simplified if such affidavits were more complete and contained specific references to previous *narcotics* investigations or *narcotics* convictions as well as the particular informant's familiarity with various drugs.

6. As explained in *United States v. Gavic*, 520 F.2d 1346, 1351 n.8 (8th Cir. 1975) (citations omitted),
> [t]he identification of the tablets on the premises as a contraband substance was a state-

say that, under these circumstances, an identification of controlled substances on the premises is a statement sufficiently adverse to the declarant's penal interest to create an inference of reliability. Moreover, the affidavit discloses no underlying factual basis for the identification of the controlled substances by the "unwitting party." In the absence of any information about the second informant, any inference as to his or her reliability and ability to identify controlled substances would be speculative.[7]

The first informant's identification of the marijuana did partially corroborate the representations made by the second informant; both informants identified one substance present on the premises as marijuana. *Cf. United States v. Smith, supra*, 462 F.2d at 460 (personal knowledge of first informant partially corroborated second informant's information; second informant participated in narcotics transaction which was described by first informant in detail to affiant). However, the second informant's identification of the substances as marijuana and cocaine is of little probative value, even though partially corroborated by the first informant, because the affidavit contains insufficient information about the second informant's reliability and the underlying basis for the identification of the substances.

## II. *Disclosure of Identity of Informant*

■ Appellant next argues that the district court erred in restricting cross-examination at the suppression hearing about the identity and reliability of the informant.

> ment against the occupant's penal interest because it at least implicated him in the crime of constructive possession of the contraband. This implication was sufficient since only the probability, and not a prima facie showing, of criminal activity is required to establish probable cause.

7. In short, this would be a different case if the identification of the marijuana depended solely on the *second* informant. The personal knowledge of the *first* informant, whose reliability has been satisfactorily established, supplies the basis for probable cause in the present case.

Appellant argues that disclosure of the identity of the informant, the informant's past criminal record, if any, and possible incentive for supplying allegedly distorted information to the police was necessary because the circumstances under which the informant gathered his information cast doubt upon the informant's reliability.

We disagree. As discussed above, the affidavit adequately established the reliability of the informant by referring to the informant's history of investigative cooperation which led to the arrests of several narcotics offenders.

Contrary to appellant's argument, this is not a *Franks v. Delaware* case. *See Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *United States v. Luschen*, 614 F.2d 1164, 1172–73 (8th Cir.), *cert. denied*, 446 U.S. 939, 100 S.Ct. 2161, 64 L.Ed.2d 793 (1980). The reliability of the informant is essential to a finding of probable cause in the present case; however, "[t]he deliberate falsity or reckless disregard whose impeachment is permitted [under *Franks*] is only that of the affiant, not of any nongovernmental informant." *Franks v. Delaware, supra*, 438 U.S. at 171, 98 S.Ct. at 2684. Appellant does not argue in the present case that the affiant did not believe the information provided by the informant or accept it as true. Appellant cannot use *Franks* to impeach the informant. *United States v. Luschen, supra*, 614 F.2d at 1172.

Nor do we think that disclosure of the identity of the informant as a material defense witness was necessary under *Roviaro v. United States*, 353 U.S. 53, 60–61, 77 S.Ct. 623, 627–28, 1 L.Ed.2d 639 (1957). The informant in the present case was a mere "tipster." The informant simply provided the police with information and did not witness or participate in any drug transaction. *See United States v. House, supra*, 604 F.2d at 1140. "In cases involving the 'tipster' type of informant, who merely conveys information to the government but neither witnesses nor participates in the offense, courts generally hold that disclosure is not material and therefore not re-

quired." *United States v. Barnes*, 486 F.2d 776, 778 n.3 (8th Cir. 1973) (citations omitted).

## III. *Evidence of Other Crimes*

■ Appellant next argues that the district court erred in admitting evidence of other crimes. Fed.R.Evid. 403, 404(b). In addition to the cocaine, the following items were admitted: the ISO[2] machine, the Thai sticks, the peyote buttons, and the small amounts of marijuana and hashish. Appellant argues that the prejudicial impact of these additional drugs and drug-related items far outweighed their probative value. We disagree.

The rules for the admission of other crimes evidence are well established, and the court recently set out the requirements which must be met:

(1) a material issue on which other crimes evidence may be admissible has been raised; (2) the proffered evidence is relevant to that issue; (3) the evidence of the other crimes is clear and convincing. In addition, to be admissible on such issues as intent, knowledge or plan, the other crimes evidence must relate to wrongdoing "similar in kind and reasonably close in time to the charge at trial." Finally, evidence otherwise admissible under Rule 404(b) may be excluded under Fed.R.Evid. 403 "if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."

*United States v. Robbins*, 613 F.2d 688, 693–94 (8th Cir. 1979) (citations omitted), *citing United States v. Frederickson*, 601 F.2d 1358, 1365 (8th Cir.), *cert. denied*, 444 U.S. 934, 100 S.Ct. 281, 62 L.Ed.2d 193 (1979).

Our task is to assess the relevancy and the probative value of the challenged evidence; if it meets the requirements of Rule 404(b) we may not reverse the ruling of the District Court unless we also find that the prejudice from admitting the evidence substantially outweighed its probative value. In making that evaluation, we must give great deference to the

district judge, who saw and heard the evidence.

*United States v. Maestas*, 554 F.2d 834, 836 (8th Cir.) (citations omitted), *cert. denied*, 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1070 (1977).

We find that the evidence in question satisfied all the requirements for introduction as evidence of other crimes under Fed. R.Evid. 404(b). The items introduced were seized at the same time and place as the cocaine. The items were relevant to the disputed issue of appellant's intent to distribute cocaine.[8] The district court admitted these items only to show intent and explained the limited purpose and relevance of this kind of evidence to the jury several times during the trial. The district court repeated this admonition in the instructions given to the jury. Under the circumstances, we conclude that the items in question were relevant to the disputed issue of intent to distribute cocaine and that the probative value of this evidence outweighed its prejudicial impact. *E. g., United States v. Robbins, supra*, 613 F.2d at 694-95; *United States v. Marchildon*, 519 F.2d 337, 344-46 (8th Cir. 1975); *United States v. Howard*, 504 F.2d 1281, 1284 (8th Cir. 1974).

Accordingly, the judgment of the district court is affirmed.

ROSS, Circuit Judge, concurs in Parts II and III and in the result reached in Part I.

---

8. Appellant argued that the drugs were for his personal use only. There was evidence in the record that appellant was the beneficiary of a sizable trust fund and thus financially able to purchase substantial quantities of drugs for his personal use.