UNITED STATES of America, Plaintiff,

v.

Frank P. BALISTRIERI, et
al., Defendants.

UNITED STATES of America, Plaintiff,

v.

Frank P. BALISTRIERI, Joseph P.
Balistrieri, John J. Balistrieri, et
al., Defendants.

UNITED STATES of America, Plaintiff,

v.

John J. BALISTRIERI, et al.,
Defendants.

UNITED STATES of America, Plaintiff,

v.

Joseph P. BALISTRIERI and John J.
Balistrieri, Defendants.

Nos. 81–CR–152 to 81–CR–155.

United States District Court,
E.D. Wisconsin.

Oct. 29, 1982.

Stephen M. Glynn, Shellow, Shellow & Glynn, S.C., Milwaukee, Wis., for John Balistrieri.

John D. Murray, Milwaukee, Wis., for DiSalvo.

Harry T. Christon, Milwaukee, Wis., for Peter Picciurro.

Robert Sutton, Milwaukee, Wis., for Salvatore & Dennis Librizzi.

John J. Romann, Petrie, Stocking, Meixner & Zeisig, Milwaukee, Wis., for Carl Micelli.

Roland J. Steinle, III, Milwaukee, Wis., for John Piscuine.

Marc L. Polland, Milwaukee, Wis., for George Kopulos.

John C. Tucker, Jenner & Block, Chicago, Ill., for Frank Balistrieri.

Gustave Newman, Newman & Adler, New York City, for Mike SaBella.

Robert Koppelman, New York City, for Benjamin Ruggiero.

Philip Atinsky, Milwaukee, Wis., for Thomas Cannizzaro.

Albert Krieger, Miami, Fla., for Joseph Balistrieri.

J. Kenneth Lowrie, Sp. Atty., Chicago Strike Force, U.S. Dept. of Justice, Chicago, Ill., John A. Franke, Sp. Atty., Field Office, Organized Crime Strike Force, Milwaukee, Wis., for the Government.

## DECISION AND ORDER

WARREN, District Judge.

On July 16, 1982, Magistrate Aaron E. Goodstein entered an Order in the above cases which, in part, denied the request of defendants Frank P., Joseph P., and John J. Balistrieri for an evidentiary hearing in accordance with *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). These defendants then appealed to this Court under Local Rule 13.02(b). After examining the briefs and attachments, as well as re-examining the applications for inter-

cept orders first presented to this Court on October 20, November 19, and December 28, 1979, the Court concludes that the Magistrate, in entering his order, properly analyzed the issues raised in this appeal. Therefore, the Court affirms the Magistrate's order and adopts his opinion entered on July 6, 1982, attached hereto as an appendix with updated citations in brackets.

■ The Court also wishes to comment briefly upon one argument raised by defendants in their objections. While the argument appears not to have been presented to the Magistrate, the Court will nevertheless address it because it is simply a variation on the "material omission" argument which runs through defendants' request for a *Franks* hearing. Specifically, defendants assert that Agent DeMarco failed to present material exculpatory to the defendants in his October 20 intercept application although such material existed in the FBI investigation file. Assuming, arguendo, that Agent DeMarco was aware of this information, was his failure to present it to the Court an intentional or reckless material omission requiring a *Franks* hearing? *See United States v. Dorfman*, 542 F.Supp. 345, 367 (N.D.Ill.1982). The Court finds that it was not a "material" omission, that is, even if the exculpatory material had been included, the affidavit would still have been sufficient to establish probable cause. The Court does not believe that in this situation the exculpatory conversations negate the incriminating ones.

The Magistrate's order is AFFIRMED.

## APPENDIX

### ORDER

The defendants have filed motions to suppress the results of electronic surveillance on several grounds. This order pertains to the request of the defendants Frank, Joseph and John Balistrieri and the defendants Salvatore and Dennis Librizzi for an evidentiary hearing in accordance with *Franks v. Delaware*, 438 U.S. 154 [98 S.Ct. 2674, 57 L.Ed.2d 667] (1978). These defendants have submitted legal memoranda to-

gether with offers of proof in support of their request. The government has replied, and on June 29, 1982, an oral argument on the motions was held. The issue now before the court is whether or not the defendants have made a "substantial preliminary showing" which would entitle them to an evidentiary hearing.

■ The Supreme Court in *Franks* supra, stated that a hearing could be held to challenge the veracity of the affidavit supporting the search warrant when the following standard has been met,

"To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient." *Id.* at 171 [98 S.Ct. at 2684].

*Franks* requires three elements: 1) A false statement, 2) which is made by the affiant with knowledge of the falsity, or with reckless disregard for the truth, 3) that is material, meaning that without the false statement the affidavit would not have been sufficient to establish probable cause. *Franks* supra at 155–56 [98 S.Ct. at 2676–2677], *United States v. Dorfman*, (N.D.Ill., 1982). [542 F.Supp. 345, 365 (N.D.Ill. 1982)].

The offer of proof presented on behalf of the defendants Balistrieri challenge the applications for intercept orders presented to Judge Robert W. Warren in three basic ways. First, it is claimed that the application of October 20, 1979, contains false statements of a government agent or statements made with reckless disregard for the truth. Conversations occurring in July and

August of 1978, in which the agent was a participant, are the subject of this challenge. Secondly, as again concerns the October 20, 1979 application, it is claimed that the government agent knowingly misrepresented the nature of certain conversations by intentionally omitting background material regarding one of the participants to that conversation, namely the defendant Benjamin Ruggerio. The defendants' third challenge regards the applications which resulted in the extension orders of November 19, 1979, and December 28, 1979. Here the defendants contend that the government agent recklessly or intentionally omitted material information which, if then known by Judge Warren, would have dissuaded him from issuing the intercept orders. The defendants' three challenges will be more closely analyzed in reverse order.

When the government applied for a continuation of the initial intercept order on November 19, 1979, and thereafter on December 28, 1979, the defendants contend that the agent deliberately omitted the fact that during the prior periods of surveillance, no conversations were intercepted which would link the defendant Frank Balistrieri with the gambling business. The defendants further contend that statements on this subject matter attributed to the defendant Salvatore Librizzi by a confidential source were untrue. In support of this latter contention, affidavits have been filed denying that such statements were ever made to anyone.

■ These denials challenge the veracity of the confidential source. However, a *Franks* violation only occurs if the government agent lied or knew the confidential source was lying and then proceeded with reckless disregard of the truth. *Dorfman,* supra at 21. Allegedly false hearsay of a non-governmental informant in itself is not sufficient to mandate a *Franks* hearing. *United States v. Skramstad,* 649 F.2d 1259, 1265 (8th Cir.1981). The defendants' offer on this point has failed to establish the need for a *Franks* hearing.

■ As regards the question of material omissions, Judge Marshal in *Dorfman,* su-pra at p. 23 [542 F.Supp. at 367], reasoned that,

"It does seem to be the case that the considerations underlying *Franks* apply with equal force to intentional or reckless material omissions."

This court's view is identical. A key here, however, is the materiality test required under *Franks.* In other words, the affidavit would have been insufficient to establish probable cause without the false material. When dealing with omissions, the reverse is true; the affidavit would have been insufficient to establish probable cause if the omitted material were included.

■ Assuming the alleged omissions for the moment, in this case there is serious doubt as to whether the government intentionally misled Judge Warren. Under the intercept orders, the government was required to and did furnish Judge Warren with weekly progress reports. These progress reports outline the nature of the seizures pursuant to the warrant. Therefore, it can hardly be claimed that the government's failure to point out a negative in the application (the fact that no conversations on a particular subject had been seized) was an intentional or reckless misrepresentation.

In any event, the November 19, 1979, application submitted by Agent DeMarco did contain information allegedly linking the defendant Frank Balistrieri with gambling. For example, reference was made to information received from a confidential source on November 6, 1979, (Affidavit at p. 7) and Frank Balistrieri was placed in the company of Salvatore Librizzi immediately before the latter made a phone call on October 26, 1979, allegedly pertaining to gambling (Affidavit at p. 8). In addition, the DeMarco affidavit discusses the need to more fully develop the Librizzi-Frank Balistrieri connection in regard to the gambling business. The same is true for the application of December 28, 1979. Therefore, even assuming material omissions, which is a questionable assumption, the application contained probable cause for the issuance of an order.

The defendants have challenged the October 20, 1979, application on the grounds of what can best be denominated as the "Ruggerio" situation. Here the defendants contend that by omitting material information from the application, Judge Warren was presented with a deliberately misleading situation. Apparently, the undercover agent had developed a relationship with the defendant Ruggerio over a period of months leading up to the meeting held in Milwaukee on July 29, 1979. As a result of this relationship, the defendants submit that the agent knew, or should have known, that Ruggerio had a motive to lie at this meeting, and thus Ruggerio's statements as presented in the October 20th application were misleading. Was the omission of this background information material, i.e., would its inclusion in the application have made a difference in the issuance of the order?

An analysis of Ruggerio's affidavit in the defendants' offer of proof fails to fully support their position that at this July 29 meeting Ruggerio was simply "using" the agent for his own benefit without any direct or indirect involvement by the Balistrieri's in his scheme. More to the point, this affidavit fails to support the proposition that the undercover agent knew, or should have known, that Ruggerio's motives were other than they outwardly seemed. It is the conclusion of this court that even if the undercover agent had revealed the nature of his prior contacts with Ruggerio, there was still probable cause to issue the intercept order. In other words, the omission cannot be considered material. This is analogous to the case of *United States v. Lefkowitz,* 618 F.2d 1313 (9th Cir.1980) where the agent did not disclose to the magistrate that the informant was the estranged wife of the defendant, with an obvious motive for lying. The court held that even if the affidavit contained such a disclosure, probable cause was established. Here, the defendants are doing no more than challenging the credibility or reliability of the information presented to Judge Warren. Their challenge should be more properly analyzed in accordance with *Agui-*

*lar v. Texas,* 378 U.S. 108 [84 S.Ct. 1509, 12 L.Ed.2d 723] (1964) and not under *Franks v. Delaware,* supra. Parenthetically, the defendants have also challenged probable cause in another motion.

The defendants' final challenge, and the one which proves most troublesome to this court, can best be denominated as the "veracity challenge." The defendants submit that the undercover agent deliberately made false statements to Agent DeMarco who, in turn, presented them to Judge Warren in his October 20, 1979, affidavit.

■ To begin with, the fact that the alleged false statements were conveyed to Judge Warren through a second government agent does not insulate the government from attack. *United States v. DePalma,* 461 F.Supp. 800, 815 fn. 13 (S.D.N.Y. 1978). We are still dealing with alleged false statements by a government agent to the court. The government cannot sanitize them by passing the statements through an "innocent" agent.

The defendants' offer of proof pertains to meetings held on July 29 and August 27, 1978. Affidavits have been submitted from participants to those meetings, each of whom deny the existence of the statements attributed to various individuals by the undercover agent (who also attended those meetings). The government submits that the statements in question are not material and that, without them, the October 20th application still contained sufficient probable cause. Without belaboring the point, this court is not persuaded and cannot say that, without such information, Judge Warren would have issued the order. These statements, for purposes of this motion, will be deemed material.

Have the defendants established a substantial preliminary showing to mandate a hearing? Are counter-affidavits by the defendants and others directly denying the contents of the agents' affidavit sufficient to meet this showing? This issue raises thorny questions regarding the legitimacy of the warrant process. On the one hand, the government submits that such counter-

affidavits could always be interposed and hearings extending beyond the four corners of every application would be required. If this were done, it would nullify the "presumption of regularity" to be accorded the warrant procedures.

There is, of course, a flip side to this "opening the flood gates" position of the government. How else, other than by means of a preliminary hearing, can it be determined that a government agent presented false information to the court? The defendants' argument raises more than a mere swearing contest between witnesses the ultimate credibility of whom is to be determined by the jury. This is because reliance on the agents' affidavit resulted in the seizure of evidence which the defendants seek to suppress. It is, of course, the utilization of the exclusionary rule which serves to deter official misconduct, and that rule is imposed by the court and not the jury.

In addition to the exclusionary rule, the court is also entitled to deter a "fraud upon the judicial system" by exercising its supervisory power. See *United States v. Cortina*, 630 F.2d 1207 (7th Cir.1980). Of course, it is at this juncture premature to speak of the remedies to be imposed if official misconduct is established; our question is only whether the defendants are entitled to a hearing in an attempt to establish such misconduct.

The government claims that the counter-affidavits submitted by the defendants are self-serving. Not surprisingly, the defendants' rejoinder is identical. However, there is a difference. The agents' affidavit was presented to the judge and subject to judicial scrutiny. It was also presented with the knowledge that if it was later shown to be false, any evidence obtained as a result of the search warrant could be excluded from use at trial. The affidavits now presented on behalf of the defendants are not subject to any similar accompanying sanctions, except for the penalties for false swearing. While it is true that an ex-parte warrant hearing will not always discourage reckless misconduct nor

ferret out an agent's falsehood, especially a well-crafted one, it seems that *Franks* requires more than a "swearing contest" before a hearing is mandated.

In *Cortina*, supra, a hearing was held only after the disclosure to the defendants of Jencks Act material. Naturally, waiting until the commencement of the trial is not the most efficient way to proceed. Therefore, this court suggested that the government furnish defense counsel with the appropriate Jencks Act material pertaining to the areas in question. The government has done this. In so doing, certain portions of the undercover agent's reports, which were prepared contemporaneously with the meetings in question, were redacted and submitted to the court for an *in camera* inspection. These portions of the reports are not directly related to the statements in the agent's affidavit now being challenged.

The contents of the agent's reports are substantially similar to what is contained in the October 20, 1979, affidavit, including the statements attributed to the various defendants. Notwithstanding, it is still conceivable that the undercover agent is lying, and that in order to cover up these lies, he prepared his reports so that they would be consistent, even though they were prepared more than a year in advance of the application or the intercept order.

On balance, it is the opinion of this court that the defendants have failed to make a substantial preliminary showing that the agents made a false statement either knowingly and intentionally, or with reckless disregard for the truth. An evidentiary hearing would not further the policies elaborated upon in *Franks v. Delaware*, supra; it would only provide the defendants with an opportunity to cross-examine the undercover agent. This effort, and the ultimate judgment as to the undercover agent's credibility, should be more appropriately left to the jury.

As regards the offer of proof submitted on behalf of the defendants Librizzi, the foregoing analysis is equally applicable. The Librizzi offer is more conclusory in nature than that submitted by the defend-

ants Balistrieri. At the oral argument, counsel for the defendants stated that he would have the individuals named in the affidavit testify and deny that unidentified sources made certain statements to them. This offer is insufficient to meet the three-pronged test necessary to warrant a *Franks* hearing.

Accordingly, the request of the defendants Balistrieri and the defendants Librizzi, in addition to those other defendants who adopted their motions for a hearing pursuant to *Franks v. Delaware,* is denied.