KERRY J. LONGSWORTH et al., Petitioners, v. DISTRICT COURT of the EIGHTH JUDICIAL DISTRICT of the STATE OF MONTANA, in and for the COUNTY OF CAS-CADE, et al., Defendants.

No. 12696.
Decided March 6, 1974.
As Corrected March 7, 1974.
530 P.2d 462.

John F. Lynch, Great Falls, for petitioners.

Robert L. Woodahl and Thomas J. Beers for defendants, Atty. Gen.'s Office.

Jeffrey W. Sogard (argued), Deputy County Atty., Great Falls, for defendants.

ORDER

PER CURIAM:

Petitioners seek a writ to be directed to the district court of Cascade County and the Honorable Truman G. Bradford,

commanding him to suppress certain evidence seized as a result of a search warrant executed on premises in Great Falls.

This Court set the application for adversary hearing, and a hearing was held on February 28, 1974.

Essentially the defendants asserted that showing of probable cause for the issuance of the search warrant by the magistrate was not sufficient. In the application for the search warrant, besides an affidavit by police officer Hall, a hearing was held before the magistrate, and certain technical objections were made to the transcript of the hearing in that the secretary taking the hearing was not an "official" court reporter and thus her transcription was not prima facie evidence sufficient to support the affidavit and to establish probable cause for the issuance of the search warrant. We have examined the transcript and find that there was a sufficient showing for the magistrate to exercise his independent judicial determination of probable cause.

The two-pronged test under Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, as to reliability of the informant and whether the underlying circumstances as to how the informant came by his information in order to demonstrate sufficient probability of credibility to allow a search of the premises was satisfied.

In the instant case, police officer Hall was told by the Military O.S.I. that an informant, known to be and used successfully by that agency as a reliable informant gave specific information on drugs and a pot party at a specific residence. This type of "double hearsay", when taken in light of the totality of the circumstances where agencies, departments and bureaus cooperate and exchange information on an official plane, is not such as to make the information unreliable. (See United States v. Fiorella, 468 F.2d 688 (2nd Cir. 1972) and United States v. Smith, 462 F.2d 456 (8th Cir. 1972).

Accordingly, the petition for a writ of supervisory control is denied.