**STATE of Minnesota, Respondent,**

v.

**John H. HUDSON, Appellant.**

**No. 51889.**

Supreme Court of Minnesota.

Oct. 30, 1981.

C. Paul Jones, Public Defender, Anthony Schumacher, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., Steven DeCoster, Asst. County Atty., St. Paul, for respondent.

SIMONETT, Justice.

Defendant was found guilty by a district court jury of five counts of criminal sexual conduct based on the same act, and the trial court sentenced defendant for the most serious conviction, criminal sexual conduct in the first degree, to a prison term of 1 to 20 years to run concurrently with a previously imposed sentence for aggravated robbery on which probation was revoked. On this appeal from judgment of conviction defendant contends (1) that the evidence was legally insufficient, (2) that the trial court prejudicially erred in denying a motion for a mistrial after one of the state's witnesses alluded to the fact that defendant had previously been in jail, and (3) that four of the five convictions should be vacated pursuant to Minn.Stat. § 609.04 (1980), which forbids two or more convictions of the same offense or of one offense and a lesser-included offense on the basis of the same criminal act. We affirm defendant's conviction of criminal sexual conduct in the first degree but vacate the others.

1. Defendant's first contention is that the evidence of his guilt was legally insufficient. No useful purpose would be served by detailing the evidence against defendant. We believe it is sufficient to state that our examination of the record satisfies us that the evidence of defendant's guilt was sufficient to sustain the guilty verdict. Although Minn.Stat. § 609.347, subd. 1 (1980), states that the testimony of a complainant need not be corroborated in such a prosecution, we stated in *State v. Ani*, 257 N.W.2d 699 (Minn.1977), that there may be individual cases in which reversal might be required absent corroboration. Here the complainant's testimony was corroborated in a number of significant ways.

2. Defendant's second contention relates to the fact that a state's witness, defendant's former girl friend, revealed in response to a question by defense counsel that defendant had been in jail part of the previous year. As in *State v. Carlson*, 264 N.W.2d 639 (Minn.1978), the principal blame for what happened rests with defense counsel, who knew that defendant had been in jail the previous year and yet asked the witness if defendant had been living with her "for about two years continuously" before the incident in question. Since defense counsel elicited the testimony and since there is no reason to believe that but for the elicitation of the evidence defendant would not have testified and been impeached by his prior conviction for aggravated robbery, we conclude that a new trial on this ground is not required.

3. Defendant's final contention is that four of the five convictions should be vacated pursuant to Minn.Stat. § 609.04 (1980), which bars two or more convictions for the same offense (or one offense and a lesser-included offense) on the basis of the same criminal act. In *State v. Kemp*, 305 N.W.2d 322 (Minn.1981), we stated that in future cases we might decline to decide issues concerning the application of section 609.04 unless the issue had first been presented to the trial court for decision, but that opinion was filed while the appeal in this case was pending. Since it is clear that all five convictions were based on the same act, we conclude that four of the five convictions must be vacated. *State v. Bowser*, 307 N.W.2d 778 (Minn.1981); *State v. Kemp*, 305 N.W.2d 322 (Minn.1981).

Conviction for criminal sexual conduct in the first degree affirmed; other convictions vacated.