**Frederick Marvin HANSON, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C5–83–1479.**

Court of Appeals of Minnesota.

Feb. 15, 1984.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr., Sp. Asst. Atty. Gen., St. Paul; John Pearson, Becker County Atty., Detroit Lakes, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This is an appeal from an order denying post-conviction relief. Defendant Hanson was convicted of burglary. He argues the trial court erred in that (1) evidence seized pursuant to a search warrant should have been suppressed, (2) evidence of guilt was insufficient because circumstantial evidence did not exclude reasonable inferences other than guilt and accomplice testimony was not corroborated, and (3) evidence of similar offenses was erroneously admitted in evidence. We affirm.

## FACTS

On July 26, 1981, the Maple Hills Golf Course Clubhouse and attached home of owner Kertscher were burglarized. Items taken included guns, bows and arrows, and power tools.

On August 7, 1981, officers Mercer and Sieling questioned Ted Monk about the burglary. Monk admitted his involvement, admitted possession of some stolen items and told officers that defendant Hanson assisted him in the burglary.

The next day Monk gave the officers bows, arrows and guns taken in the burglary and agreed to help them recover the other stolen property. The officers followed Monk to defendant's home. From a short distance away they observed Monk enter defendant's home empty-handed and emerge later carrying a saber saw, identified by Kertscher as his.

Based on these facts, the officers obtained a search warrant for defendant's home and car, executed the warrant and recovered several of the stolen items from his home and car.

At trial, defendant's attorney informed the jurors both during voir dire and in his opening statement that defendant had a prior record of burglary. The state questioned defendant about his prior felony convictions.

Other references to defendant's prior trial occurred when defendant sought to impeach Monk's testimony in the present trial with his testimony in a prior trial of defendant in Otter Tail County. Monk admitted he lied in the Otter Tail County trial because of fear of reprisal and to help defendant. On re-direct, the state estab-

lished that he was subsequently charged with perjury because of this lie. There was also evidence that Monk made consistent statements on five separate occasions, including his trial testimony, that defendant was involved in the present burglary.

The jury returned a verdict of guilty.

## ISSUES

1. Was there probable cause for the search warrant?

2. Was evidence sufficient to support the jury verdict?

3. Were references to defendant Hanson's prior trial error?

## ANALYSIS

Hanson's appeal follows the trial court's denial of his petition for post-conviction relief.

■ In a petition for post-conviction relief, the burden of proof is on petitioner to establish facts alleged in his petition by a fair preponderance of the evidence. Minn. Stat. § 590.04, subd. 3 (1982).

■ When considering the petition for post-conviction relief the trial court "acts as finder of facts, deciding for purposes of admissibility which evidence to believe and whether the state has met its burden of proof." *Doan v. State*, 306 Minn. 89, 91, 234 N.W.2d 824, 826 (1975).

■ On appeal, the reviewing court "will not reverse specific findings if there is sufficient evidence to support them". *Id.* In addition, the harmless error beyond a reasonable doubt test applies to post-conviction review. *Hauwiller v. State*, 295 N.W.2d 641, 643 (Minn.1980).

1. The affidavit in support of the August 8, 1981 warrant reads:

Affiant is a Becker County deputy and as such is familiar with the following facts: During the early morning hours of 7–26–81, a building belonging to Lester Kertscher was entered and a number of items stolen, including the power tools

described in this warrant. The items were taken without consent.

One Ted Monk has told affiant that he and one Fred Hanson burglarized the Kertscher building and stole a number of items including several power tools. Monk stated that he and Hanson transported the power tools to Hanson's trailer home located E. of Frazee, Minn. Monk visited Hanson's trailer home on 8–8–81. Monk recovered 1 saber saw from Hanson. Monk also saw 1 skill saw in the trailer. Hanson told Monk that several power tools were located in a blue 1955 Chevrolet located on the Hanson premises.

The standard for probable cause stated by the United States Supreme Court in *Illinois v. Gates*, —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), is accurately paraphrased in the Minnesota Judge's Criminal Benchbook, 1–4 (1983 Supp.) as follows:

The test of probable cause is met if the affidavit, interpreted in a common sense and realistic manner, sets forth competent evidence sufficient to lead a reasonably prudent person to believe that there is a basis for the search or that the articles sought are located at the place to be searched. There must be sufficient underlying facts so that the magistrate may draw his own conclusions of whether probable cause exists.

■ The *Gates* court abandoned the "two-pronged test" established in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), in favor of the "totality of the circumstances" approach. The *Gates* court emphasized that the elements under the "two-pronged test" concerning the informant's "veracity," "reliability" and "basis of knowledge" should be understood simply as closely intertwined issues that may usefully illuminate the common-sense, practical question whether there is "probable cause" to believe that contraband or evidence is located in a particular place.

The *Gates* court described the duty of the magistrate:

The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and the "basis of knowledge" of persons supplying hearsay information, there is a *fair probability* that contraband or evidence of a crime will be found in a particular place.

103 S.Ct. at 2332 (emphasis added).

The *Gates* court described the duty of the reviewing court:

And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.

*Id.* at 2332, (quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697, 708 (1960)).

In the instant case, the police had prior knowledge of the burglary and of the items taken. Monk identified himself, admitted his participation in the burglary and implicated defendant. He described the type of tools taken and the fact that they were taken to defendant's trailer home. He recovered a stolen item from defendant's home. These are direct observations of a co-conspirator which implicate both defendant and Monk.

Defendant asserts that Monk is an accomplice and therefore unreliable. However, as the *Gates* court observed: "[E]ven if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case." *Id.* 103 S.Ct. at 2329–30. Also, "an informant's reliability on a particular occasion can be established by a declaration by the informant that is against his penal interest." *State v. Wiberg*, 296 N.W.2d 388, 395 (Minn.1980), (citing *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971)). *See also State v. Yahnke*, 336 N.W.2d 299 (Minn.1983).

■ Following the common sense, totality of the circumstances approach, the affidavit would lead a reasonable person to conclude that there was a fair probability that the stolen items would be found in defendant's trailer home and car. The trial court properly admitted evidence seized pursuant to the warrant.

■ 2. Evidence of defendant's guilt in this case was based on both direct and circumstantial evidence. Direct evidence included the officers observations of Monk entering defendant's home empty-handed and returning with a saw stolen in the burglary, the actions of defendant in showing officers, after they inquired as to the whereabouts of items stolen in the burglary, the location of those items in his home, and the recovery of the stolen property from defendant's home and car.

"It is well established that unexplained possession of stolen property within a reasonable time after a burglary or theft will in and of itself be sufficient to sustain a conviction." *State v. Bagley*, 286 Minn. 180, 188, 175 N.W.2d 448, 454 (1970). In addition, "[c]ircumstantial evidence may be sufficient to corroborate the testimony of an accomplice." *State v. Armstrong*, 257 Minn. 295, 308, 101 N.W.2d 398, 407 (1960). The evidence of defendant's guilt was not entirely circumstantial and was sufficiently corroborated.

■ 3. Defendant claims prejudice as a result of the state's references during trial to a prior criminal trial in Otter Tail County. However, defense counsel was the first to inform jurors, during voir dire and in his opening statement, that defendant had a prior conviction. Defense counsel initiated questioning on cross-examination of Monk about prior statements made by Monk that defendant purchased the stolen merchandise from him. These prior statements were made in the Otter Tail trial and that fact was known to defendant's counsel. The state on re-direct was therefore entitled to examine Monk and elicit the fact that Monk was charged with perjury after his testimony in the Otter

Tail trial and admitted lying under oath in connection with these statements. *See State v. Hudson,* 311 N.W.2d 505, 506 (Minn.1981). Defense counsel opened the door to this line of questioning and thus defendant is now barred from asserting prejudice. *Id.*

The state did ask defendant about his prior convictions. However, before trial the state served defendant with proper written notice and received the trial court's permission to use the prior convictions. The state's questioning of defendant concerning his prior crimes is permitted by Rule 609(a) of the Minn. Rules of Evidence for impeachment purposes.

In *State v. Brouillette,* 286 N.W.2d 702 (Minn.1979), the Minnesota Supreme Court held that the trial court did not abuse its discretion in receiving evidence of defendant's prior crimes where the jury was directed "to consider the prior conviction only as it relates to defendant's credibility." 286 N.W.2d at 708. Here the trial court gave the jury such a cautionary instruction. The use of this instruction limited any prejudicial effect. No error was committed by the admission of this evidence.

Affirmed.