Ronald Dean **BRODELL**, Appellant,

v.

**STATE of Minnesota, Respondent.**

No. C1–85–2262.

Court of Appeals of Minnesota.

Sept. 23, 1986.

Review Denied Nov. 17, 1986.

C. Paul Jones, Minnesota State Public Defender, Lawrence Hammerling, Asst. State Public Defender, University of Minnesota, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Larry Mickelberg, Clay Co. Atty., Clay Co. Courthouse, Moorhead, for respondent.

Considered and decided by LANSING, P.J. and PARKER and NIERENGARTEN, JJ., without oral argument.

## OPINION

NIERENGARTEN, Judge.

Ronald Brodell appeals from an order which denied his petition for post-conviction relief, contending he did not have effective assistance of counsel when he pleaded guilty and there was an insufficient factual basis for that plea. We affirm.

## FACTS

On November 14, 1983 Brodell was charged with first degree intrafamilial sexual abuse under Minn.Stat. § 609.3641, subd. 1(2)(e) (1984). The complaint described allegations made by Brodell's five-year-old son, C.B., who told child protection worker Michael Johnson that:

he and [appellant] * * * had rubbed their penis' and buttocks' together and placed their penis' in each others mouths. Further, [C.B.] told Mr. Johnson that [appellant] put his penis in [C.B.'s] anus and put ice on [C.B.'s] buttocks before doing so. On October 28, 1983 your complainant and Michael Johnson did a video taped interview of [C.B.] using anatomically correct dolls. With the dolls, [C.B.] described and demonstrated the same sexual acts that he told Mr. Johnson

about in his interview of October 27, 1983.

Brodell was represented by attorney Joseph M. Parise, an Assistant Public Defender. At a hearing on December 19, 1983 Brodell first pleaded guilty to an amended charge under Minn.Stat. § 609.-3641, subd. 1(1) (1984) then later withdrew that plea. On January 16, 1984 Brodell accepted a plea agreement signed a Petition to Enter a Guilty Plea, and again pleaded guilty to an amended charge of first degree intrafamilial sexual abuse under Minn.Stat. § 609.3641 subd. 1(1).

At a hearing on his guilty plea petition, Brodell said he had no recollection of any sexual abuse because he was an alcoholic and was subject to "blackouts." When asked if he was making any claim that he was innocent, Brodell said: "I don't have any knowledge of the act occurring, but I don't believe my son is lying." Brodell, who had reviewed the videotaped interview of C.B. with his counsel, also stated: "the little boy has got to be saying it for some reason."

The prosecutor orally reviewed evidence that the State would have produced at Brodell's trial, which included the testimony of C.B.; the videotaped interview; the testimony of the two interviewers; and police reports. The prosecutor also documented that evidence in a letter to the court and included the names of witnesses who would testify to C.B.'s allegations and behavior. The court did not review the videotaped interview before accepting Brodell's guilty plea:

The court finds that your plea of guilty has been entered knowingly, understandedly and intelligently, and the court further finds that there is a factual basis on which you can plead guilty to this charge.

I have heard the outline of the evidence that the State would introduce at the time of trial, and I'm satisfied that that evidence would support a jury verdict of guilty to these charges, so far—on that basis then I'll accept your plea and you are formally adjudicated guilty

of the crime of intrafamilial sexual conduct in the first degree.

Brodell was sentenced to imprisonment for a presumptive term of 113 months.

Brodell filed a petition for post-conviction relief alleging that Parise did not adequately investigate his case and there was an inadequate factual basis for his guilty plea. At a post-conviction hearing, Brodell claimed Parise told him "it would be very, very difficult to establish any kind of innocence because of that tape" and "it made me look probably pretty guilty" and that the interviewers "were trained people and knew what they were doing." Brodell maintained that Parise should have had the videotape "evaluated" by an expert. Brodell also provided Parise with the name of a psychologist who had worked with C.B., who has a learning disability, but Parise did not contact that psychologist or have C.B. "evaluated."

Attorney Parise testified that he knew the interviewers, talked to the social workers and police officers involved, and contacted another public defender who had handled a similar case. He did not seek an "evaluation" of C.B. because a motion for that type of discovery had recently been denied. Parise told Brodell that if the videotape was admitted at trial, his prospects "were very, very dim." According to Parise, Brodell knew the state had other evidence to corroborate the videotape:

> during a visitation at the jail [C.B.] approached [appellant] and making gestures toward his groin area and saying words "peter butt, peter butt."

Brodell also knew C.B. had repeated his earlier allegations when he was examined by a physician.

Before filing his petition Brodell had the videotaped interview reviewed by a pediatrician who was an expert on child abuse. In an affidavit, the expert stated that "it would not be possible to say with any medical certainty that this child is credible and the interview has validity."

In denying Brodell's petition, the post-conviction court found Brodell had:

represented to the Court that although he lacked specific knowledge of the acts alleged by his son [C.B.], he did not believe that his son was lying. Further, [appellant] expressed at the time of his guilty plea his satisfaction with his appointed attorney Joseph Parise.

The court also found that Brodell only began to have "second thoughts" about his guilty plea after meeting the pediatrician expert at Oak Park Heights. The court concluded Brodell had received adequate assistance of counsel because Parise:

> discussed the evidence in the Intrafamilial Sexual Abuse case with him and relied on [appellant's] own express belief in [C.B.'s] allegations in advising [appellant] as to the options available in the defense of the action.

The court discounted the expert's opinion because it was "phrased in terms of medical certainty" and "not definitive on the issues of legal admissibility of evidence for credibility and believability purposes." The court concluded C.B.'s statements were "sufficiently reliable" to support the guilty plea because Brodell said he believed his son.

### ISSUE

Is there sufficient evidence in the record to support the findings of the post-conviction court?

### ANALYSIS

Brodell bears the burden of proving:

> by a preponderance of the evidence the facts which would warrant withdrawal of his guilty plea. Minn.Stat. § 590.04, subd. 3 (1983); *Hanson v. State*, 344 N.W.2d 420, 423 (Minn.Ct.App.1984).

The scope of our review is limited to ascertaining whether there is sufficient evidence in the record to support the findings of the post-conviction court. *Hanson; State v. Doughman*, 340 N.W.2d 348 (Minn.Ct.App.1983); *Kochevar v. State*, 281 N.W.2d 680, 687 (Minn. 1979).

*Doughman v. State,* 351 N.W.2d 671, 674 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Oct. 16, 1984).

### Effective Assistance of Counsel

The United States Supreme Court very recently adopted the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) as the standard to be applied in challenges to guilty pleas based on ineffective assistance of counsel. *See Hill v. Lockhart,* —— U.S. ——, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). The first prong of that test is an objective standard of attorney competence:

> [A] guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not "a reasonably competent attorney" and the advice was not "within the range of competence demanded of attorneys in criminal cases." When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. (citation omitted).

*Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064–65, (citing *McMann v. Richardson,* 397 U.S. 759, 770–71, 90 S.Ct. at 1441, 1448–49, 25 L.Ed.2d 763 (1970)).

■ Brodell contends attorney Parise strongly advised him to plead guilty without having the videotape "evaluated." However, the videotape was never placed into evidence at the post-conviction hearing. We agree with the post-conviction court that the medical expert's affidavit was not persuasive because there was no evidence the expert was aware of statements C.B. made to police officers, social workers, and a physician that corroborated the videotape.

Both Brodell and his counsel found that C.B.'s allegations were believable; Brodell did not question those statements until some eighteen months after his plea. Counsel and Brodell were both aware that the state could also present testimony by C.B. and corroborative testimony from several other witnesses. Nor did Brodell have any right to have C.B. physically or psychologically evaluated. *See State v. Holmes,* 374 N.W.2d 457, 459–60 (Minn.Ct.App.1985) *pet. for rev. denied,* (Minn. Nov. 25, 1985). Under these circumstances it was reasonable for counsel to forego further inquiry into the validity of the videotape and to advise Brodell that his chances at trial were slim. *See Strickland* at 689, 104 S.Ct. at 2059.

Because we hold that appellant had reasonably effective assistance of counsel, we do not reach the second prong of the *Strickland* analysis. *See id.* at 694–95, 104 S.Ct. at 2062.

### The Factual Basis for the Plea

■ In accepting a guilty plea to a felony, the trial court must inquire into the factual basis for that plea. *See* Minn.R. Crim.P. 15.01 (20) (1986). Brodell has not sustained his burden of proving by a preponderance of the evidence that the factual basis for his plea was insufficient. *See Hanson v. State,* 344 N.W.2d 420, 423 (Minn.Ct.App.1984).

### DECISION

There was sufficient evidence in the record to support the findings of the post-conviction court.

Affirmed.